IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**DANIEL L. HALL, SR.,**

     **Plaintiff**

v.                                          Case No. 2:14-cv-11643

**WARDEN DAVID BALLARD,**
**Mount Olive Correctional Complex,**

     **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the plaintiff's Complaint (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and remove this civil action from the docket of the court.

## ALLEGATIONS IN COMPLAINT

The plaintiff's Complaint alleges that, in January of 2013, he was working as a pod janitor in QI Pod 5 at the Mount Olive Correctional Complex when he learned from "some people" that another inmate intended to stab him. The plaintiff alleges that he informed Corporal Anthony and immediately quit his janitor position. The plaintiff further alleges, however, that later that day, inmate Steven Houghton assaulted him with liquid feces

while he used the phone. The plaintiff further contends that Corporal Anthony and Lt. Clifford videotaped the "aftermath" of the assault and laughed about it. Nonetheless, inmate Haughton was left on the same pod, but he was placed on single recreation status.

The Complaint further alleges, that one week later, inmate Houghton came to the plaintiff's cell door and again assaulted him with a bag of liquid feces. He further alleges that an unidentified tower officer watched this incident and did nothing to prevent it. The plaintiff alleges that "staff refused to handle the possibility of an assault . . . when they could have separated us" which caused him "financial loss" and "undue emotional stress." The Complaint seeks monetary damages and immediate discharge.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*[1], and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most

---

[1] The plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 5) was granted in this matter on July 31, 2015. (ECF No. 9).

favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> \* \* \*
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **ANALYSIS**

The sole defendant named in the Complaint is Warden David Ballard who, at the time of the allegations in the Complaint, was the Warden of the Mount Olive Correctional Complex. However, the Complaint contains no allegations concerning specific conduct by Warden Ballard. Thus, it is apparent that the plaintiff is simply attempting to hold Warden Ballard liable under a theory of *respondeat superior* for the alleged conduct of

3

his employees. Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior* and must allege that each defendant's own individual actions violated the Constitution. *Iqbal*, 556 U.S. at 675-76; *see also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

In *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994), the Court held that supervisors may be liable for the actions of their subordinates where the supervisor, by his own conduct, was deliberately indifferent to, or tacitly authorized or approved prior constitutional violations. Such liability is not based on *respondeat superior*, but rather upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." 13 F.3d at 798 (*quoting Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984)). In *Shaw*, the Fourth Circuit discussed the following elements necessary to establish a supervisor's liability under 42 U.S.C. § 1983:

1) The supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

2) The supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and

3) There was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injuries suffered by the plaintiff.

13 F.3d at 799. However, in *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court clarified that a prison official's "actual subjective awareness" of an excessive risk of harm or safety was required to hold the official liable under the Eighth Amendment. Thus, a

4

prison official cannot be held liable for the failure to alleviate a risk that he should have perceived, but did not in fact perceive. *Id.* at 838.

The plaintiff has not alleged that Warden Ballard had actual knowledge of the incidents alleged in the Complaint or of any perceived threat to the plaintiff prior thereto. The plaintiff has simply not plausibly alleged that Warden Ballard was actually aware that his subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to the plaintiff, or that Warden Ballard himself engaged in any unconstitutional conduct. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state any plausible constitutional claim against Warden Ballard.

Moreover, the power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular

prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") The plaintiff has been released from the custody of the West Virginia Division of Corrections. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that any claims for declaratory and injunctive relief made by the plaintiff herein, including his request for "immediate discharge," must be denied and dismissed as moot.[2]

## RECOMMENDATION

For the reasons stated herein, the Complaint fails to state any claim upon which relief can be granted and should be dismissed pursuant to the dictates of *Twombly* and *Iqbal*. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and remove this civil action from the docket of the court.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed

---

[2] The undersigned further notes that the plaintiff's Complaint indicates that he filed the instant Complaint prior to receiving a response to his grievance appeal from the Commissioner of Corrections. (ECF No. 1 at 3). Accordingly, it appears from the face of the Complaint that the plaintiff failed to properly exhaust the available administrative remedies prior to filing his Complaint, and that the Complaint may also be dismissible under 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is an affirmative defense, but it may be raised *sua sponte* where, as here, it is evident from the facts alleged in the Complaint, taken as true, that the available administrative remedies were not exhausted when the Complaint was filed. *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017); *see also Banks v. Marquez*, 694 F. App'x 159 (4th Cir. 2017) (finding no error in *sua sponte* dismissal where inmate admitted that he failed to exhaust administrative remedies).

Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at the following address: Daniel Lee Hall, Sr., #09019-088, FCI Butner Medium II, Federal Correctional Institution, P.O. Box 1500, Butner, NC 27509.

June 5, 2018

Dwane L. Tinsley
United States Magistrate Judge